UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
HO WAN KWOK, :
:
      Appellant, : Case No. 3:22-cv-01028 (KAD)
:
    v. :
: December 12, 2023
LUC A. DESPINS, CHAPTER 11 TRUSTEE, :
:
      Appellee. :
---------------------------------------------------------x

## JOINT STATUS REPORT

Pursuant to the Court's September 13, 2023 order, ECF No. 51, the parties respectfully submit the following Joint Status Report on the Developments in the United Kingdom Matter.

As the Court is aware, the Chapter 11 Trustee sought U.K. recognition in 2022 of the Debtor's Chapter 11 case for, among other purposes, obtaining access to the advice provided to the Debtor by his former U.K. counsel, Harcus Parker Limited ("Harcus Parker") with respect to the litigation brought by the Debtor, Ace Decade Holdings Limited ("Ace Decade"), and Dawn State Limited ("Dawn State") against UBS AG (the "U.K. Litigation") in a U.K. court (the "U.K. Court").  After two contested hearings, the U.K. Court granted recognition and ordered Harcus Parker to produce their advice on the merits of the U.K. Litigation.  The Trustee, however, has not yet obtained access to full, unredacted information.

On Friday, December 8, 2023, the Trustee filed a motion with the U.K. Court that has jurisdiction over the U.K. Litigation to stay such proceeding for 6 months to allow the Trustee to seek rulings from the Bankruptcy Court (and possibly other jurisdictions) to the effect that the Trustee owns and should control Ace Decade and its subsidiary, Dawn State, and therefore should control the U.K. litigation by these entities.  This ownership and control should include attorney-

client communications between Ace Decade and its counsel and thus could moot this appeal, which arises from the Bankruptcy Court order directing the Debtor to send a letter to Harcus Parker authorizing them to share advice with the Trustee.

The Debtor states that neither the Debtor nor his counsel have been involved in the UK proceedings, are not aware of the status of those proceedings, and counsel has no reason to disagree with the Trustee's representation of said status. The Debtor agrees that the appeal should remain stayed.

Given that this appeal could become moot, the parties would prefer to not litigate the appeal at this time in order to preserve resources.

**THE DEBTOR AND**
**APPELLANT**
**HO WAN KWOK**

*/s/ James M. Moriarty*
Eric Henzy (ct12849)
James M. Moriarty (ct21876)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Telephone: (203) 368-4234
Facsimile: (203) 368-5487
Email: ehenzy@zeislaw.com
jmoriarty@zeislaw.com

(*Additional Signatures on the Next Page*)

By: */s/ Nicholas A. Bassett*
Douglas S. Skalka (ct00616)
Patrick R. Linsey (ct29437)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 781-2847
dskalka@npmlaw.com
plinsey@npmlaw.com

*and*

Nicholas A. Bassett (admitted *pro hac vice*)
Paul Hastings LLP
2050 M Street NW
Washington, D.C., 20036
(202) 551-1902
nicholasbassett@paulhastings.com

*and*

Avram E. Luft (admitted *pro hac vice*)
G. Alexander Bongartz (admitted *pro hac vice*)
Paul Hastings LLP
200 Park Avenue
New York, New York 10166
(212) 318-6079
aviluft@paulhastings.com
alexbongartz@paulhastings.com

*Counsel for the Appellee, the Chapter 11 Trustee*